Order Form (01/2005)

# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 0708 | **DATE** | 2-15-12 |
| **CASE TITLE** | Stephen Airhart (#2010-0814037) v. Harvey Police Department, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [#3] is granted. The Court orders the trust fund officer at Plaintiff's current place of incarceration to deduct $18.40 from Plaintiff's account for payment to the Clerk of Court as an initial partial filing fee. The Clerk shall send a copy of this order to the trust fund officer at the Cook County Jail. However, summonses shall not issue at this time. The Court dismisses the complaint on file without prejudice. Plaintiff is granted thirty days in which to submit an amended complaint (plus a judge's copy and service copies). Failure to submit an amended complaint within thirty days of the date of this order will result in summary dismissal of this case. The Clerk is directed to provide Plaintiff with an amended civil rights complaint form and instructions along with a copy of this order.

■ [For further details see text below.]      Docketing to mail notices.

## STATEMENT

Plaintiff, a pre-trial detainee in custody at the Cook County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that on August 12, 2010, he was pulled over for a routine traffic stop and escorted to the Harvey Police Department by Defendant McAlpine. Once at the police department, Plaintiff was instructed to follow Defendant McAlpine to the bathroom where Defendant McAlpine put on gloves and presumably performed some kind of search. Plaintiff feels that Defendant McAlpine's actions violated his rights. Plaintiff is also suing the Harvey Police Department.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $18.40. The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number. This payment obligation will follow Plaintiff wherever he may be transferred.

However, Plaintiff must submit an amended complaint, as the complaint presently on file is deficient. Initially, Harvey Police Department is not a suable entity and must be dismissed as a Defendant. *See Castillo v. Cook County Mail Room Dept.*, 990 F.2d 304, 307 (7th Cir. 1993).

Additionally, the complaint on file is not in compliance with the federal pleading requirements established under FED. R. CIV. P. 8(a). Rule 8 reflects a liberal notice pleading requirement that focuses the 'litigation on the

(CONTINUED)    AWL

merits of the claim' rather than some technicality that might keep a plaintiff out of court. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009)., *quoting Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). Alleging specific facts is not required. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Plaintiff's claim must be "plausible" in that there are "enough facts to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's allegations. *Bell Atlantic v. Twombly*, 550 U.S. 544, 556 (2007). To satisfy the notice pleading requirements of Fed. R. Civ. P. 8(a)(2), Plaintiff need only state his legal claim and provide "some indication . . . of time and place." *Thompson v. Washington*, 362 F.3d 969, 971 (2004). Plaintiff has not met this burden. In short, Plaintiff must submit a proposed amended complaint focusing his efforts on making Defendant McAlpine aware of why Plaintiff believes he violated Plaintiff's constitutional rights.

For the foregoing reasons, the Court dismisses the complaint on file without prejudice. Plaintiff is granted thirty days in which to submit an amended complaint. The amended complaint should lay out in sufficient detail the actions Defendant McAlpine took that Plaintiff alleges violated his rights. Plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the court, Plaintiff must provide an extra copy for the judge; he must also submit a sufficient number of copies for service on each Defendant named in the amended complaint.

The Clerk will provide Plaintiff with an amended civil rights complaint form and instructions along with a copy of this order. If Plaintiff fails to comply within thirty days, the case will be summarily dismissed, on the understanding that Plaintiff does not choose to pursue his claims in federal court.